## STOUSE et al. v. EXCISE BOARD OF COAL COUNTY.

No. 25510.   Dec. 11, 1934.

Jas. R. Wood, for plaintiffs in error.

Wylie Snow, Co. Atty., and W. B. Howell, for defendant in error.

OSBORN, J.  This is an appeal by Felix Wheeler and W. H. Stouse from a judgment of the Court of Tax Review denying a protest relating to the salaries of certain county officers of Coal county.

It appears that, in 1921, there was enacted a special act (section 7832, O. S. 1931) fixing certain salaries for the county officers of Coal county, and that the salaries so fixed are in excess of the amounts claimed by said officers for the fiscal year 1933-34. It is pointed out that the population of said county decreased approximately 7,000 as shown by the 1930 census. According to the general statutes, section 7833, 7847, 7870, 7881, and 7890, O. S. 1931, the salaries of each of said officers, computed on the basis

of the 1930 population, would be $350 less than the amount claimed by the officers for the fiscal year in question. Reliance is had on section 7827, O. S. 1931, which is as follows:

"The salaries of all county officers, deputies and clerks in each and every county of the state of Oklahoma that were decreased by the operation of 1930 federal census, shall remain and continue until otherwise provided by law, as the same existed previous to the announcement of said census."

Protestants contend that the officers are either entitled to the amount fixed by the special act or are entitled to the amount fixed by the general statutes on the basis of the population of 1930.

The question of the constitutionality of the special act is not presented by either of the parties to this appeal, and we shall not consider the question. But, conceding that the act is unconstitutional, in that event the above-quoted statute operates to prevent the reduction of the salaries of said public officials by reason of the decreased population as disclosed by the 1930 census. This is the view adopted and acted upon by the board of county commissioners in preparing their estimate, and apparently has the sanction of the various officials. There is therefore no merit in the protest filed herein, and the judgment of the Court of Tax Review is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, and BUSBY, JJ., concur.